Matter of Stolz (2020 NY Slip Op 04746)





Matter of Stolz


2020 NY Slip Op 04746


Decided on August 26, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
VALERIE BRATHWAITE NELSON, JJ.


[*1]In the Matter of Noreen E. Stolz, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1828623)



Application pursuant to 22 NYCRR 1240.10 by Noreen E. Stolz, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 6, 1982, to resign as an attorney and counselor-at-law.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for Grievance Committee for the Tenth Judicial District.
Frankie & Gentile, P.C., Mineola, NY (Joseph Gentile of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Noreen E. Stolz, has submitted an affidavit sworn to on April 10, 2020, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in her affidavit that she is currently the subject of an investigation conducted by the Grievance Committee for the Tenth Judicial District, and that the allegations include at least the following acts of professional misconduct: misappropriation, commingling of funds, and failing to make accurate entries in her escrow account. She attests that she cannot successfully defend against these allegations.
The respondent acknowledges that her resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
The respondent states that the Grievance Committee's investigation does not include any allegations that she willfully misappropriated or misapplied money or property. She states that no clients or third parties exist to whom she owes monetary restitution.
The respondent acknowledges that her resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the continuing jurisdiction of the Appellate Division to make such an order.
The respondent acknowledges and agrees that, pending the issuance of an order accepting her resignation, she shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
The respondent acknowledge that in the event that the Court accepts her resignation, [*2]the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee contends that its investigation did not reveal that any funds are owed to the respondent's clients or third parties, and states that no new complaints have been filed against the respondent. The Grievance Committee contends that the resignation fully complies with the requirements of 22 NYCRR 1240.10 and, therefore, recommends its acceptance.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ.,concur.
ORDERED that the application of the respondent, Noreen E. Stolz, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Noreen E. Stolz, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Noreen E. Stolz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Noreen E. Stolz, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Noreen E. Stolz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court